UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NYJEE L. BOYD,

                              Plaintiff,

           v.                                                     9:18-CV-1333
                                                                  (TJM/ATB)

JOHN DOE #1, et al.,

                              Defendants.
_____

APPEARANCES:

NYJEE L. BOYD
Plaintiff, Pro Se
15-B-2063
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929


THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

### I.     INTRODUCTION

        Plaintiff Nyjee L. Boyd commenced this action pursuant to 42 U.S.C. § 1983 ("Section

1983") by filing a pro se civil rights complaint together with an application for leave to proceed

in forma pauperis.  Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application").  By Decision and

Order of this Court filed January 2, 2019, plaintiff's IFP Application was granted, and

following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b), some of plaintiff's claims and some of the named defendants were dismissed and

the Court directed service and a response for the claims against the named defendants that survived sua sponte review.  Dkt. No. 6 (the "January 2019 Order").

Presently before this Court is plaintiff's motion to amend his complaint, together with a proposed amended complaint.  Dkt. No. 18 ("Motion to Amend"); Dkt. No. 18-1 ("Am. Compl.").  At the time plaintiff submitted these documents, service was not completed on all of the defendants who remained in the action following the January 2019 Order, and none of the defendants who had been served had responded to the complaint.  Thus, plaintiff was not required to obtain the Court's leave or defendants' consent before amending his complaint.  As a result, the Court will consider plaintiff's proposed amended complaint as an amended complaint filed as of right in accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure.[1]

## II.    DISCUSSION

### A.    The Complaint and January 2019 Order

In his original complaint, plaintiff asserted claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F.").  *See generally* Compl.  Plaintiff named as defendants DOCCS Commissioner Anthony Annucci, Superintendent of Clinton C.F. E. Bell, as well as several corrections officials who allegedly worked at Clinton C.F. between April 2018 and August 2018.  *Id*.

The complaint was construed to assert the following claims: (1) First Amendment free exercise claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Wood, and

---

[1] One week after plaintiff's Motion to Amend was docketed, counsel for certain of the named defendants filed a motion to dismiss portions of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 20 ("Motion to Dismiss").

Sgt John Doe #1; (2) First Amendment retaliation claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Sgt John Doe #1, Wood, Hunt, Young, Holland, C.O. John Doe #4, and C.O. John Doe #5; (3) Eighth Amendment conditions-of-confinement claims against defendants Baer, C.O. John Doe #2, Wood, Young, and C.O. John Doe #3; (4) Eighth Amendment excessive force and failure-to-intervene claims against defendants Hunt, Baer, Sgt John Doe #1, Sgt John Doe #2, C.O. John Doe #1, and John Doe #6; (5) Fourteenth Amendment due process claims against defendants Wood and Baer based on the issuance of false misbehavior reports; (6) a Fourteenth Amendment destruction of property claim against defendant Wood; and (7) supervisory liability claims against defendants Bell and Annucci. *See* January 2019 Order at 9-10.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review and require a response: (1) plaintiff's free exercise claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Sgt John Doe #1, Wood, Annucci, and Bell; (2) plaintiff's retaliation claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Wood, Hunt, Young, Holland, Annucci, and Bell; and (3) plaintiff's excessive force and failure-to-intervene claims against defendants Sgt John Doe #1, Sgt John Doe #2, C.O. John Doe #1, C.O. John Doe #6, Baer, Hunt, Annucci, and Bell. *See* January 2019 Order at 25-26. All remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted, and defendants John Doe #4 and John Doe #5 were dismissed as defendants from the action without prejudice. *Id*. at 26.

**B.** **Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government

3

employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2019 Order and it will not be restated in this Decision and Order. *See* January 2019 Order at 2-4.

Plaintiff's amended complaint is substantially the same as his original complaint with a few exceptions.

First, plaintiff has withdrawn his claims against defendants John Doe #4 and John Doe #5. *See generally*, Am. Compl.

Second, plaintiff has added the following claims for relief against existing defendants based on the same allegations contained in the original complaint: (1) an Eighth Amendment failure-to-intervene claim against defendant John Doe #3 based on the alleged events that occurred on April 6, 2018; (2) an Eighth Amendment failure-to-protect claim against defendant Holland based on the alleged events that occurred on April 26, 2018; and (3) an Eighth Amendment medical indifference claim against defendant Wood based on an alleged event that occurred on May 1, 2018. *See* Am. Compl. at 13-16, 20.

Third, plaintiff has added Corrections Officer Dubrey and Corrections Officer Hill as defendants and asserted the following claims against them based on the same allegations contained in the original complaint: (1) a First Amendment free exercise claim against defendant Dubrey based on the alleged event that occurred on July 18, 2018; (2) a First Amendment retaliation claim against defendant Dubrey based on the alleged event that occurred on July 18, 2018; (3) an Eighth Amendment conditions-of-confinement claim against defendant Dubrey based on the alleged event that occurred on July 18, 2018; (4) an

4

Eighth Amendment excessive force claim against defendant Dubrey based on the alleged event that occurred on July 18, 2018; and (5) an Eighth Amendment conditions-of-confinement claim against defendant Hill based on the alleged event that occurred on August 5, 2018. *See* Am. Compl. at 15-16.

Fourth, plaintiff has asserted new claims against defendants Baer, Bell, and Annucci, and added Corrections Officer John Doe #7 as a defendant, based on new allegations about an event that occurred on March 29, 2018. The following new facts are set forth as alleged in the amended complaint.

On March 29, 2018, at approximately 2:30 pm, plaintiff "returned from a law library call-out to Lower F-Block[.]" Am. Compl. at 8. Upon arriving at the Lower F-Block, plaintiff and another inmate were forced to wait on "two company by the A-man[,]" defendant Corrections Officer John Doe #7 ("John Doe #7"), for approximately thirty minutes before John Doe #7 gave them "a direct order" to return to their company. *Id*. Before leaving, plaintiff asked defendant John Doe #7 to place him on "the list for chow and gym[.]" *Id*. Defendant John Doe #7 cursed at plaintiff and told him to "lock in" to his cell. *Id*.

Defendant Baer, who was standing nearby, then ordered plaintiff to "get on the . . . wall." Compl. at 8. Plaintiff "obeyed" the order and defendant Baer proceeded to berate plaintiff for questioning staff. *Id*. Defendant Baer then searched plaintiff while two other unknown corrections officers stood behind him. *Id*. During the search, defendant Baer "stuck his hand in [plaintiff's] boxers" and "pulled [plaintiff's] testicles causing [him] severe pain[.]" *Id*. Plaintiff notified defendants Annucci and Bell about the events of March 29, 2018, but his complaint was "disregarded[.]" *Id*. at 10, 19.

The Court construes these allegations to assert an Eighth Amendment excessive

5

force claim against defendant Baer, an Eighth Amendment failure-to-intervene claim against defendant John Doe #7, and supervisory liability claims against defendants Bell and Annucci.

The remainder of the amended complaint is materially similar to the original complaint, and re-asserts all of the same claims asserted in the original complaint against all of the same defendants (with the exception of defendants John Doe #4 and John Doe #5). *See generally* Am. Compl. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Claims Based on Events of March 29, 2018

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[2]

"The Eighth Amendment [also] requires prison officials to take reasonable measures

---

[2] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

to guarantee the safety of inmates in their custody." *Hayes v. New York City Dept. of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Law enforcement officials, including prison officials, can be held liable under § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (prison official's Eighth Amendment duty to take reasonable measures to guarantee the safety of inmates in their custody includes a duty to protect inmates from harm threatened by other officers).

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's excessive force claim against defendant Baer survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

The Court, however, reaches a different conclusion with respect to plaintiff's claims against defendants John Doe #7, Annucci, and Bell. With respect to defendant John Doe #7, the amended complaint does not allege any facts regarding the nature or duration of defendant Baer's alleged use of force during the frisk, or where defendant John Doe #7 was physically located in relation to plaintiff, making it impossible for the Court to determine the plausibility of whether defendant John Doe #7 had a realistic opportunity to stop the alleged use of excessive force before its completion. *See Rosen v. City of New York*, 667 F. Supp.

2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim, an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene."); *Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (denying as futile leave to amend to add failure-to-intervene claim against corrections official where the proposed amended complaint was "devoid of any factual allegations against P.O. Myers with respect to the failure to intervene claim, such as, for example, where P.O. Myers was located and what she was doing when P.O. Baksh pepper sprayed the plaintiff's face"); *Cusamano v. Sobek*, 604 F. Supp.2d 416, 429 (N.D.N.Y. 2009) (excusing an officer from liability "despite his presence, if the assault is 'sudden and brief,' such that there is no real opportunity to prevent it").  Moreover, the amended complaint lacks any allegations which plausibly suggest that defendant John Doe #7 knew (or had a basis for knowing) prior to the alleged use of force that plaintiff was at risk of being harmed by defendant Baer.  *See Blandon v. Capra*, No. 17-CV-65, 2017 WL 5624276, at *8 (S.D.N.Y. Nov. 20, 2017) ("[A]side from a conclusory allegation that '[D]efendants[ ] w[ere] fully aware of [the] unsafe condition and refused to take any measures whatsoever to protect the safety of the most vulnerable mental health offenders,' the Complaint is devoid of any allegations that any Defendant specifically knew that Ebanks was infected with HIV or Hepatits C, that he had a propensity to assault other inmates, or that Plaintiff personally was in danger of being assaulted by Ebanks. . . . The Complaint therefore fails to allege that Defendants were 'aware of facts from which the inference could be drawn that' Ebanks specifically posed a substantial risk of harm to Plaintiff, or that Defendants in fact drew such an inference.").

With respect to defendants Bell and Annucci, the Second Circuit held prior to

Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[3]

Here, plaintiff alleges only that he complained to defendants Bell and Annucci about the events of March 29, 2018, and his complaints were "disregarded[.]" Am. Compl. at 10, 19. Plaintiff has not alleged any facts which plausibly suggest that his complaints about the events of March 29, 2018, raised concerns about ongoing or continued misconduct. Nor has plaintiff attached to his amended complaint copies of his complaints regarding this alleged incident from which the Court could potentially draw such an inference. Thus, there is no basis for the Court to infer that, at the time defendants Bell and Annucci were made aware of the alleged events of March 29, 2018, they also became aware that plaintiff was experiencing an ongoing violation of his constitutional rights.

Moreover, a "failure to remedy" theory of liability is not available against a supervisor

---

[3]  The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal* ] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

with respect to discrete and completed violations. *See Jackson*, 256 F.3d at 96 (citing *Blyden*, 186 F.3d at 259, 264 and *Wright*, 21 F.3d at 501); *see also Young v. Kihl*, 720 F. Supp. 22, 23 (W.D.N.Y. 1989) ("[T]he wrong must have been ongoing or otherwise capable of mitigation at the time the supervisory official was apprised thereof."). "If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation." *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008).

Accordingly, plaintiff's Eighth Amendment claims against defendants John Doe #7, Bell, and Annucci based on the alleged events of March 29, 2018, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Failure-to-Intervene Claim Against Defendant John Doe #3

Plaintiff's failure-to-protect claim against defendant John Doe #3 is based on an allegation that he stood nearby while defendant Hunt subjected plaintiff to excessive force during a pat frisk. Am. Compl. at 20. Plaintiff, however, does not allege any facts regarding the nature or duration of the alleged use of force during the frisk, or defendant John Doe #3's proximity to defendant Hunt, making it impossible for the Court to determine the plausibility of whether defendant John Doe #3 had a realistic opportunity to stop the alleged use of excessive force before its completion. Moreover, the amended complaint lacks any allegations which plausibly suggest that defendant John Doe #3 knew (or had a basis for knowing) prior to the alleged use of force that plaintiff was at risk of being harmed by defendant Hunt.

Accordingly, plaintiff's Eighth Amendment failure-to-intervene claim against defendant John Doe #3 based on the alleged events of April 6, 2018, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Failure-to-Protect Claim Against Defendant Holland

Plaintiff's failure-to-protect claim against defendant Holland is based on an allegation that he refused plaintiff's protective custody request and instead threatened plaintiff for making complaints on April 26, 2018. Am. Compl. at 13-14.

In order to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *Farmer*, 511 U.S. at 836. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Neither mere negligence nor a prison guard's mere failure to act reasonably is enough to state an Eighth Amendment deliberate indifference claim." *Sawyer v. New York State Depat. of Corr. Servs*., No. 11-CV-0152, 2015 WL 6644112, at *7 (W.D.N.Y. June 30, 2015) (citing *Garcia v. Witkowski*, 988 F. Supp. 2d 360, 361 (W.D.N.Y. 2013)), *report and recommendation adopted in pertinent part by* 2015 WL 6641471 (W.D.N.Y. Oct. 28, 2015); *Shell v. Brun*, 585 F. Supp. 2d 465, 469-70 (W.D.N.Y. 2008) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere

negligence (for example if a prison guard should know of a risk but does not) is not enough . . . ."); *Jones v. Kelly*, 918 F. Supp. 74, 80 (W.D.N.Y. 1995) ("[D]efendant Morrissey's April, 1993 denial of plaintiff's transfer under the 'automatic' transfer evaluation provision of DOCS Directive No. 4948, Protective Custody Status, ¶ III(A) . . . does not subject Morrissey to § 1983 liability in the absence of any proof that he deliberately, rather than negligently or inadvertently, disregarded a substantial risk to plaintiff's safety.").

Here, plaintiff does not allege any facts which plausibly suggest that, at the time he requested protective custody, defendant Holland was aware of a specific threat to plaintiff's safety. Moreover, plaintiff does not allege that he requested protective custody out of fear for his safety at that time. Rather, plaintiff alleges in conclusory fashion that he requested protective custody because corrections officials were "denying [him] meals and retaliating against [him]." Am. Compl. at 13. Thus, there is no basis for the Court to infer that defendant Holland deliberately disregarded an excessive risk to plaintiff's safety in denying him protective custody.

Accordingly, plaintiff's Eighth Amendment failure-to-protect claim against defendant Holland is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[4]

---

[4] To the extent plaintiff has attempted to assert an Eighth Amendment claim against defendant Holland based on alleged harassment, the law is clear that verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *see also Rivera v. Goord*, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (collecting cases). "While under extreme circumstances the Eighth Amendment's prohibition against cruel and unusual punishment may encompass intentionally inflicted psychological injury, necessarily excluded from this protection is conduct causing only de minimis psychological harm." *Johnson v. Brown*, No. 9:09-CV-0002 (GTS/DEP), 2010 WL 6243352, at *6 (N.D.N.Y. Sept. 3, 2010) (collecting cases), *report and recommendation adopted by* 2011 WL 1097864 (N.D.N.Y. Mar. 22, 2011); *see also Jermosen v. Coughlin*, No. 87-CV-6267, 1993 WL 267357, at *6 (S.D.N.Y. July 9, 1993), *aff'd*, 41 F.3d 1501 (2d Cir. 1994) (officers approaching inmate with

## 4.  Medical Indifference Claim Against Defendant Wood

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment.  *Estelle*, 429 U.S. at 102, 104.  The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Id*.; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, *inter alia, Estelle*).  While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement.  *Farmer*, 511 U.S. at 832 (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104).  "First, the alleged deprivation must be, in objective terms, sufficiently serious."  *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted).  Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."

---

nightsticks raised in a threatening position caused only de minimus psychological pain).  In this case, the amended complaint fails to allege facts which plausibly suggest that the alleged comments made by defendant Holland subjected plaintiff to psychological harm which rises to the level of a constitutional violation.

*Farmer*, 511 U.S. at 837; *see also Blyden*, 186 F.3d at 262 (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

Non-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed. *See Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed."); *Davidson v. Scully*, No. 83-CV-2025, 1994 WL 669549, at *12 (S.D.N.Y. Nov. 30, 1994) ("Evidence of deliberate indifference may be found in: a lengthy delay in arranging for medically indicated treatment for a prisoner's serious medical problem, . . . deliberate interference with a prisoner's prescribed treatment, . . . the refusal of prison officials to provide necessary medical care as punishment for misconduct unrelated to the prisoner's medical condition, . . . and a serious failure to provide needed medical attention when prison officials are fully aware of that need . . . ." (internal quotation marks and citations omitted)); *see also Estelle*, 429 U.S. at 104-05 (1976) (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).

Here, plaintiff alleges that while he was "being moved to Upper F from Lower F[,]" he informed defendant Wood, "who was transporting [plaintiff] to [his] knew [sic] location[,]" that he "couldn't carry [his] bags due to medical issues with [his] lower back and left knee[.]"  Am. Compl. at 15.  In response, defendant Wood stated that if plaintiff did not carry his bags, he

14

would not receive his property.  *Id*.  Plaintiff then reiterated his "medical issues" and was

escorted to his new cell without his bags because defendant Wood "refused" to carry them.

*Id*.

Plaintiff's allegations regarding his "medical issues" are entirely conclusory.  Plaintiff

does not allege, for example, that a medical professional diagnosed him with an injury or

condition that would worsen if he lifted objects over a certain weight.  Nor does he allege that

he was medically excused from lifting objects over a certain weight.  Thus, there is no basis

for inferring either that plaintiff suffered from a sufficiently serious medical condition at the

time he requested assistance from defendant Wood, or that defendant Wood, in not agreeing

to carry plaintiff's property, acted with deliberate indifference to plaintiff's serious medical

needs.

Accordingly, plaintiff's Eighth Amendment medical indifference claim against

defendant Wood is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b) for failure to state a claim upon which relief may be granted.[5]

### 5.  Excessive Force Claim Against Defendant Dubrey

Plaintiff's excessive force claim against defendant Dubrey is based on an allegation

that defendant Dubrey placed "mechanical restraints on [him] tight."  Am. Compl. at 15.

---

[5]  Analyzing plaintiff's allegations as a conditions-of-confinement claim would fare no better for plaintiff
because depriving him of unidentified personal property does not constitute a per se deprivation of a basic
human need, and there are no allegations in the amended complaint that defendant Wood refused to carry
plaintiff's property despite knowing that plaintiff would be deprived of a basic human need.  *See Bowens v.
Smith*, No. 9:11-CV-784 (GLS/ATB), 2013 WL 103575, at *10 (N.D.N.Y. Jan. 8, 2013) ("In order to show that
conditions of confinement violate the Eighth Amendment, the plaintiff must demonstrate that the conditions result
in an 'unquestioned and serious deprivation of basic human needs,' and that defendants imposed those
conditions with deliberate indifference." (quoting *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir.1996)), *report and
recommendation adopted by* 2013 WL 103596 (N.D.N.Y. Jan. 8, 2013).  Furthermore, plaintiff alleges that he
received his property the next day.  Am. Compl. at 15.  While he also alleges that his property was "damaged[,]"
plaintiff does not identify what property was "damaged," or how it was "damaged."  Nor does plaintiff allege any
facts from which an inference could be drawn that the "damage" occurred out of deliberate indifference to one of
his basic human needs.

Placing an inmate in handcuffs is not a per se constitutional violation. Rather, courts have held that tight handcuffing gives rise to an Eighth Amendment claim when "1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) [there is a] degree of injury to the wrists." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (internal quotation marks and citations omitted); *see also Benitez v. Locastro*, No. 9:04-CV-423 (NAM/RFT), 2010 WL 419999, at *1, *12 (N.D.N.Y. Jan. 29, 2010) (dismissing Eighth Amendment claim based on tight handcuffing where plaintiff failed to "allege for how long the handcuffs and shackles were applied, [ ]or the circumstances of their application").

Here, the amended complaint lacks any allegations which plausibly suggest that defendant Dubrey applied handcuffs maliciously and sadistically to cause harm. Moreover, plaintiff does not allege that he experienced any pain or injury as a result of the "tight" restraints. Nor does he allege that he complained to defendant Dubrey about the tightness after the restraints were placed on him.

Accordingly, plaintiff's Eighth Amendment excessive force claim against defendant Dubrey is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 6. Free Exercise and Retaliation Claims Against Defendant Dubrey

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's free exercise and retaliation claims against defendant Dubrey survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

16

### 7. Conditions-of-Confinement Claims Against Defendants Dubrey and Hill

Plaintiff's conditions-of-confinement claims against defendants Dubrey and Hill are based on allegations that on one occasion, defendant Dubrey denied him access to the gym, and on a separate occasion, defendant Hill denied him access to a meal. Am. Compl. at 15-16. As noted in the January 2019 Order, such limited deprivations are insufficient to state an Eighth Amendment violation. See January 2019 Order at 17-19.

Accordingly, plaintiff's Eighth Amendment conditions-of-confinement claims against defendants Dubrey and Hill are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 8. Remaining Claims

In addition to the claims discussed above, plaintiff also reasserts the following claims in the amended complaint that he set forth in the original complaint: (1) First Amendment free exercise claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Wood, and Sgt John Doe #1; (2) First Amendment retaliation claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Sgt John Doe #1, Wood, Hunt, Young, Holland; (3) Eighth Amendment conditions-of-confinement claims against defendants Baer, C.O. John Doe #2, Wood, Young, and C.O. John Doe #3; (4) Eighth Amendment excessive force and failure-to-intervene claims against defendants Hunt, Baer, Sgt John Doe #1, Sgt John Doe #2, C.O. John Doe #1, and John Doe #6; (5) Fourteenth Amendment due process claims against defendants Wood and Baer based on the issuance of false misbehavior reports; (6) a Fourteenth Amendment destruction of property claim against defendant Wood; and (7) supervisory liability claims against defendants Bell and Annucci based on the alleged wrongdoing that occurred between April 2018 and August 2018. *See generally* Am. Compl.

The Court found in the January 2019 Order that the following claims survived sua sponte review and required a response: (1) plaintiff's free exercise claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Sgt John Doe #1, Wood, Annucci, and Bell; (2) plaintiff's retaliation claims against defendants C.O. John Doe #2, Baer, C.O. John Doe #3, Wood, Hunt, Young, Holland, Annucci, and Bell; and (3) plaintiff's excessive force and failure-to-intervene claims against defendants Sgt John Doe #1, Sgt John Doe #2, C.O. John Doe #1, C.O. John Doe #6, Baer, Hunt, Annucci, and Bell. *See* January 2019 Order at 25-26. For the reasons set forth in the January 2019 Order, these claims once again survive sua sponte review and require a response.

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff's remaining claims are subject to dismissal for the same reasons set forth in the January 2019 Order. *See generally*, January 2019 Order.

### C.     Defendants' Motion to Dismiss

In light of the Court's decision to treat the proposed amended complaint as an amended complaint filed as of right, and because certain claims in the amended complaint that were not pled in the original complaint have survived initial review, defendants' Motion to Dismiss portions of the original complaint is denied without prejudice and with leave to renew upon the completion of service on all of the named defendants who remain in this action.

The deadline for the defendants who have already been served to respond to the amended complaint is stayed pending the completion of service on all of the named defendants who remain in this action. Upon the completion of service on all of the named defendants who remain in this action, the deadline for all of the named defendants to respond to the amended complaint shall be reset in accordance with the Federal Rules of

Civil Procedure.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall docket plaintiff's proposed amended complaint (Dkt. No. 18-1) as the amended complaint, which is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Officer Dubrey; (2) Corrections Officer Hill; and (3) Corrections Officer John Doe #7; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's free exercise claims against defendants Dubrey, C.O. John Doe #2, Baer, C.O. John Doe #3, Sgt John Doe #1, Wood, Annucci, and Bell; (2) plaintiff's retaliation claims against defendants Dubrey, C.O. John Doe #2, Baer, C.O. John Doe #3, Wood, Hunt, Young, Holland, Annucci, and Bell; and (3) plaintiff's excessive force and failure-to-intervene claims against defendants Sgt John Doe #1, Sgt John Doe #2, C.O. John Doe #1, C.O. John Doe #6, Baer, Hunt, Annucci, and Bell; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[6] and it is further

---

[6]  Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Dubrey and Holland;[7] and it is further

**ORDERED** that the deadline for defendants Annucci, Baer, Bell, Hunt, Wood, and Young to respond to the amended complaint is **STAYED** pending the completion of service on defendants Dubrey and Holland. Upon the completion of service on defendants Dubrey and Holland, defendants Annucci, Baer, Bell, Hunt, Wood, Young, Holland, and Dubrey must respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff take reasonable steps to ascertain the identity of the "Doe" defendants, and when identified, seek to amend the complaint to add the individuals as defendants in this action pursuant to Federal Rule of Civil Procedure 15(a);[8] and it is further

**ORDERED** that the Motion to Dismiss (Dkt. No. 20) is **DENIED without prejudice and with leave to renew** upon the completion of service on defendants Holland and Dubrey; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th

---

to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

[7] Because David A. Rosenberg, on behalf of the Office of the New York State Attorney General, has appeared in this action as counsel for defendants Annucci, Baer, Bell, Hunt, Wood, and Young, the Clerk need not issue summonses for these defendants.

[8] Summonses will not issue for the "Doe" defendants because the U.S. Marshal cannot effect service on an individual who has not been identified by name.

Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff and counsel for the defendants who have appeared in this action.

**IT IS SO ORDERED.**

Dated:April 23, 2019

Thomas J. McAvoy
Senior, U.S. District Judge